# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LILLIAM R. RIVERA CAPPACETTI,<br><br>*Plaintiff,*<br><br>v.<br><br>**PEDRO QUILES HNC TECHNOLOGY MANAGEMENT CORP., et al.,**<br><br>*Defendants.* | **CIVIL NO. 18-1860 (DRD)** |

**OPINION AND ORDER**

Pending before the Court is the defendant, United States of America's unopposed *Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim*. See Dkt. No. 8. The United States of America appears herein on behalf of the United States Department of Housing and Urban Development (hereinafter, "HUD"). Essentially, HUD argues that there are no causes of action directed as to HUD, while concluding that HUD will be liable for damages that were initially claimed against other codefendants. Id. at 8. More importantly, HUD raises a sovereign immunity defense that bars plaintiff from seeking damages against said entity. Id. at 5. For the reasons stated herein, the Court **GRANTS** HUD's unopposed Motion to Dismiss.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2018 plaintiff, Lilliam R. Rivera Cappacetti filed a construction liability complaint against several codefendants before the Puerto Rico Department of Consumer Affairs (hereinafter, "DACO" for its Spanish acronym). Plaintiff is seeking repairs to several defects in her

residence located at San Miguel Condominium in San Juan, Puerto Rico[1] and damages as a result thereof from the defendants. See Dkt. No. 7-1. On November 13, 2018, HUD filed a *Notice of Removal* pursuant to 28 U.S.C. §§ 1442(1) and 1446. According to HUD, "[s]aid action in state forum, filed against HUD constitutes an action for compensatory damages or repair cost against an agency or instrumentality of the Federal Government of the United States of America." Dkt. No. 1 at 1-2.

The HUD is now seeking a dismissal with prejudice for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). See Dkt. No. 8. According to HUD, the Complaint filed before DACO fails to reveal allegations of liability against the appearing codefendant. Id. at 2. Moreover, DACO is divested of subject matter jurisdiction as to this issue as the United States has not waived its sovereign immunity to allow suits against its agencies in state forum for damages' claims. Id. In fact, "sovereign immunity bars Plaintiffs' apparent attempt to hold HUD liable for damages, as [Plaintiff] has failed to exhaust administrative remedies under the Federal Torts Claims Act "FTCA" 28 USC, section 2671 et seq." Id. HUD further argues that its sole connection with San Miguel Apartments might be the fact that the entity provided funding to the Municipality of San Juan under the Community Development Block Grant. Id. However, said funding does not necessarily makes HUD liable in this case, and Plaintiff has failed to submit the connection

---

[1] "The iron beams in the balcony walls are already bursting. The door and window frames are totally loose they were never screwed on nor anything secure at all. Having it like that is a big risk. The entrance door frame is completely loose. I had a bad experience in the bathroom. The tiles were completely loose and one of them burst, I was wounded[sic] he replaced the tiles but [he] never lined them up with the walls and as a consequence of that they came loose again and broke. We continue with humidity problems, cracks, problems with the windows." Dkt. No. 7-1 at 6.

between the funding provided by HUD to the Municipality of San Juan and the liability in the instant case. Id.

Plaintiff and the remaining codefendants have failed to appear in the instant case. As such, HUD's motion to dismiss is deemed as unopposed. Nevertheless, a careful scrutiny of the underlying legal framework is required in order to rule upon the pending motion.

## II. LEGAL STANDARD

### A. *Federal Rule of Civil Procedure 12(b)(1)*

"When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter." (citations omitted). Deniz v. Municipality of Guaynabo, 285 F.3d 142, 149 (1st Cir.2002). "After all, if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." 285 F.3d at 150.

Rule 12(b)(1) provides that a complaint will be dismissed if the court lacks subject matter jurisdiction. It is settled that the standard followed by the court when considering a dismissal request under Rule 12(b)(1), is that the court "must accept as true all well-pleaded factual claims and indulge all reasonable inferences in plaintiff's favor." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir.1998), as restated in Rolón v. Rafael Rosario & Associates, Inc., et al., 450 F.Supp.2d 153, 156 (D.P.R.2006). Moreover, [m]otions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6)." De Leon v. Vornado Montehiedra Acquisition L.P., 166 F. Supp. 3d 171, 173 (D.P.R. 2016); see Negrón-Gaztambide v. Hernández Torres, 35 F.3d 25, 27 (1st Cir. 1994). As such, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

To determine jurisdiction under Rule 12(b)(1), the court may also review the evidence on record, including affidavits and depositions, as opposed to a dismissal request under any other subsection of Rule 12(b). Once the jurisdiction of the court is challenged by the defendant through a motion to dismiss, "it is plaintiff's burden to establish that the court has jurisdiction." *Rolón, supra*.

More importantly, "Federal Courts are courts of limited jurisdiction," *Rolón,* 450 F.Supp.2d at 156, thus, "this Court has the responsibility to police the border of federal jurisdiction" Spielman v. Genzyme Corp., 251 F.3d 1 (1st Cir.2001), and "must rigorously enforce the jurisdictional limits [standards] that Congress chooses, Del Rosario Ortega v. Star Kist Foods, 213 F.Supp.2d 84, 88 (D.P.R.2002)(citing Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 3 (1st Cir.1995), as restated in Rolón, 450 F.Supp.2d at 156. See also Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see Willy v. Coastal Corp., 503 U.S. 131, 136–137 (1992) [and the collection of cases cited therein] );" Rossello–Gonzalez v. Calderon–Serra, 398 F.3d 1, 15 (1st Cir.2004)("Federal courts are courts of limited jurisdiction, and therefore must be certain that they have explicit authority to decide a case. Bonas v. Town of North Smithfield, 265 F.3d 69, 75 (1st Cir.2001) (citing Irving v. United States, 162 F.3d 154, 160 (1st Cir.1998) (*en banc*)). Thus, we subject the plaintiff's choice of a federal forum to careful scrutiny. Id.)"

A challenge under Rule 12(b)(1) constitutes a challenge to federal subject matter jurisdiction, which includes ripeness, mootness, sovereign immunity, and subject matter jurisdiction. See Valentín v. Hospital Bella Vista, 254 F.3d 358, 362–63 (1st Cir.2001). Where subject matter jurisdiction is challenged under 12(b)(1), the party asserting jurisdiction bears the burden of demonstrating the existence of federal subject matter jurisdiction. *See Skwira v. United States,* 344 F.3d 64, 71 (1st Cir.2003). See also Murphy v. United States, 45 F.3d 520, 522 (1st Cir.1995); McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir.2004). In Valentin v. Hospital Bella Vista, 254 F.3d 358, 362–63 (1st Cir.2001), the Court held that Fed.R.Civ.P. 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject matter jurisdiction," including ripeness, mootness, the existence of a federal question, diversity, and sovereign immunity.

### B.  *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 8(a) requires plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).')(quoting Twombly, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; *see e.g.* Ashcroft v. Iqbal, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly, 550 U.S. 544, and Iqbal, 556 U.S. 662. "Context based" means that a Plaintiff must allege enough facts that comply with the basic elements of the cause of action. See Iqbal, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a Bivens claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009) (quoting Iqbal, 556 U.S. 678) (quoting Twombly, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U.S. 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. Id.

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore,

6

such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 679-80 (citing *Twombly*, 550 U.S. at 567). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Ocasio-Hernandez*, 640 F.3d at 12, (citing *Iqbal*, 556 U.S. 679).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Iqbal*, 556 U.S. 679); *see Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); *see Ocasio-Hernandez*, 640 F.3d at 12 (citing *Twombly*, 550 U.S. at 556)("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29.

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596; *see Iqbal*, 556 U.S. at 681("To be clear, we do not reject [] bald allegations on the ground that they are

7

unrealistic or nonsensical. . . It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see Mendez Internet Mgmt. Servs. v. Banco Santander de P.R.*, 621 F.3d 10, 14 (1st Cir. 2010) (The *Twombly* and *Iqbal* standards require District Courts to "screen [] out rhetoric masquerading as litigation."). However, merely parroting the elements of a cause of action is insufficient. *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009)).

The First Circuit however, outlined two considerations for district courts to note when analyzing a motion to dismiss. *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains enough facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly-Iqbal*. *Id.* at 104. Second, district courts should accord "some latitude" in cases where "[a] material part of the information needed is likely to be within the defendant's control." *Id.* (more latitude is appropriate in cases where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury.)(internal citations and quotations omitted).

### C. Standard for Sovereign Immunity

The law seems to be clear as to the fact that " '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Mitchell*, 445 U.S. 535, 538 (1980)(quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941). In fact, "a waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Testan*, 424 U.S. 392, 399 (1976)(quoting *United States v. King*, 395 U.S. 1, 5 (1969)). "In

8

analyzing whether Congress has waived the immunity of the United States, we must construe waivers strictly in favor of the sovereign." *Library of Cong. v. Shaw*, 478 U.S. 310, 318 (1986). For this reason, "the Government's consent to be sued 'must be 'construed strictly in favor of the sovereign.' " *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992). As a matter of fact, "it is the plaintiff's burden to prove the existence of subject matter jurisdiction." *Aversa v. United States*, 99 F.3d 1200, 1209 (1996).

### D. *Claims for Damages against HUD*

Section 2401 of the FTCA provides in its pertinent part that, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency <u>within two years after such claim accrues</u>. . ." 28 U.S.C. § 2401(b)(Emphasis ours). To that effect, the United States Code clearly provides that,

> "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, <u>unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail</u>."

28 U.S.C.A. § 2675 (Emphasis ours). Accordingly, the First Circuit has firmly held that "[e]xhaustion of plaintiffs' administrative remedies is a jurisdictional prerequisite to the prosecution of their FTCA claims." *Cotto v. United States*, 993 F.2d 274, 280 (1st Cir. 1993).

### III. LEGAL ANALYSIS

At issue, is plaintiff's request before DACO to issue an order for HUD to compensate her for damages to real estate and personal property. HUD argues that plaintiff's claims against HUD must be dismissed for lack of subject matter jurisdiction as "the United States has not waived

9

sovereign immunity for DACO or any state forum to rule over claims for damages against its agencies or employees." Dkt. No. 8 at 6. The Court agrees and explains.

Section 2674 clearly provides that "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . ." over negligent acts or omissions. 28 U.S.C. § 2674. However, Congress has specifically bestowed upon district courts "exclusive jurisdiction of civil actions on claims against the United States for money damages." 28 U.S.C. § 1346(b)(1). In fact, the Supreme Court has stressed that "the [Federal Torts Claims Act] waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, [the court] should not take it upon [itself] to extend the waiver beyond that which Congress intended." *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979). Thus, the limitation is strictly construed within the restrains imposed by Congress, and courts must abide to said limitations. It is important to note that "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

In the case at bar, there are several hurdles that are fatal to plaintiff's claim. First, the Government has not waived its sovereign immunity in favor of DACO, thus, said agency is divested from ruling upon claims against HUD, as it lacks subject matter jurisdiction to entertain claims against Federal agencies. The plaintiff simply did not comply. Hence, plaintiff failed to exhaust the administrative remedies as to damages before HUD as required by the above referenced statute.

As HUD has clearly demonstrated lack of subject matter jurisdiction in plaintiff's claims as DACO is not the entity to exhaust remedies, the Court finds unnecessary to address whether

plaintiff's complaint fails to state a claim upon which relief can be granted. Rather, the Court finds reasonable to dismiss the complaint as to HUD for lack of subject matter jurisdiction, as HUD has not waived its sovereign immunity, and plaintiff has failed to exhaust administrative remedies when submitting complaints against Federal agencies.

### IV. CONCLUSION

For the reasons elucidated above, the Court hereby **GRANTS** the United States of America's *Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim*, see Dkt. No. 8, and thereby **REMANDS** the remaining causes of action to DACO for their final disposition in accordance with this Order. In the event that plaintiff intends to insist in her claim for damages against HUD, she must exhaust the administrative remedies under the FTCA prior thereto. Judgment of dismissal **WITHOUT PREJUDICE** is to be entered accordingly.[2]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on this 20th day of June, 2019.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge

---

[2] The matter of whether there is a cause of action upon which relief can be granted belongs first to the federal agency wherein the party must exhaust the administrative remedies. As HUD is now absent from the instant case, there is no federal cause of action that warrants subject matter jurisdiction over plaintiff's claims.